NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000672
29-MAY-2014
08:40 AM

NO. CAAP-11-0000672 & CAAP-11-0000776

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GLORIA S. FUKUMITSU, TRUSTEE OF THE
MARVIN H. FUKUMITSU REVOCABLE TRUST,
Plaintiff-Appellee,
v.
GEORGE R. FUKUMITSU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1857)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

This case involves a complaint for ejectment
("Ejectment Action") filed by Plaintiff-Appellee Gloria S.
Fukumitsu, as Trustee of the Marvin H. Fukumitsu Trust
("Trustee"), in which the Trustee sought to recover possession of
certain properties located in Kaneohe, Hawai'i ("Properties")
from Defendant-Appellant George Ruisuki Fukumitsu ("Fukumitsu"),
and a subsequent complaint to quiet title ("Quiet Title Action")
against Fukumitsu and several other defendants concerning the
Properties. The Ejectment and Quiet Title Actions were filed in
the Circuit Court of the First Circuit ("Circuit Court"). On
April 20, 2011, Trustee filed a motion in the Ejectment Action
for issuance of a writ of possession. On August 18, 2011, the
Circuit Court issued an Order Granting Plaintiff's Motion For
Issuance Of Writ Of Possession, Filed On April 20, 2011 ("Order

Granting Writ of Possession").[1]  In this consolidated appeal, Fukumitsu appeals from the Order Granting Writ of Possession.

Fukumitsu does not identify any points of error in his opening brief, in violation of Hawai'i Rules of Appellate Procedure Rule 28.  The policy of this court, however, is to permit litigants to appeal and to have their cases heard on the merits where possible.  *See O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 386, 885 P.2d 361 364 (1994).  Thus, to the extent that we can discern his arguments, we address Fukumitsu's appeal on the merits.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Order Granting Writ of Possession and resolve the issues raised as follows:

(1)  Preliminarily, we address the Trustee's claim relating to Fukumitsu's apparently erroneous designation of the Quiet Title Action case number on several of his filings.  The Trustee contends that "[b]ecause [Fukumitsu] is apparently not appealing any order or judgment entered by the Circuit Court in the Quiet Title Action, this consolidated appeal, so far as it relates to the Quiet Title Action, should be dismissed."  The Hawai'i Supreme Court has stated, however, that "a mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake."  *Ek v. Boggs,* 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) (citations, internal quotation marks, and ellipsis points omitted).

Fukumitsu's intention to appeal from the Order Granting Writ of Possession can be fairly inferred from the notices of appeal and there is no evidence that the Trustee was misled by the mistake.  *See Ek,* 102 Hawai'i at 294, 75 P.3d at 1185. Therefore, we proceed to the merits of Fukumitsu's appeal.

---

[1]     The Honorable Virginia L. Crandall presided.

(2)   We next conclude that the Circuit Court had jurisdiction over the Ejectment Action.   Fukumitsu argues that the State of Hawai'i and other governmental authorities "have no Jurisdiction over our wills, probates, trusts or homes of the Hawaii(an) people and their families who are the successor heirs to all the lands of Hawai'i Nei Archipelago" and "have no authority over me or my land(s)."   Fukumitsu appears to contend that the Hawaiian Kingdom, and no other governmental entities, has title to lands in Hawai'i.   This contention is without merit. *See State v. Kaulia*, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) ("Whatever may be said regarding the lawfulness of its origins, the State of Hawai'i . . . is now a lawful government" and "[i]ndividuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws." (internal quotation marks and citation omitted)).

(3)   Fukumitsu claims a superior interest to certain of the properties involved in the Ejectment Action on the basis that he is either a "relative," or has a "direct lineage and [is a] Heir," of Raymond Kamaka "as the rightful lineal Successor Heir of Kings & Queens[.]"   His argument, however, lacks merit.   If Fukumitsu claims an interest through Raymond Kamaka, he presented no evidence of any relationship.   Moreover, if Fukumitsu claims that Raymond Kamaka holds the interest, the fact that no one named Raymond Kamaka as a party in either the Ejectment Action or the Quiet Title Action is dispositive.   *See Mauna Kea Agribusiness Co. v. Nauka*, 105 Hawai'i 252, 257, 96 P.3d 581, 586 (2004) ("[a] bill to quiet title may not be defeated by showing that the plaintiff's interest, otherwise sufficient to support the bill, is subject to possibly superior rights in third persons not parties to the suit." (quoting *Ka'u Agribusiness Co. v. Heirs or Assigns of Ahulau*, 105 Hawai'i 182, 187, 95 P.3d 613, 618 (2004)) (internal quotation marks omitted)).[2/]

---

[2/]   We decline to address any additional arguments first raised in Fukumitsu's reply brief. *See, e.g., In re Hawaiian Flour Mills, Inc.*, 76 Hawai'i 1, 14 n. 5, 868 P.2d 419, 432 n.5 (1994) (holding that arguments raised for the first time in the reply briefs on appeal were deemed waived); Haw. R. App. P. 28(d).   We also decline to address arguments raised in the appendix to Fukumitsu's opening brief.   Haw. R. App. P. 28(b)(7).   Those

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Therefore,

IT IS HEREBY ORDERED that the August 18, 2011 Order Granting Plaintiff's Motion For Issuance Of Writ Of Possession, Filed On April 20, 2011 is affirmed.

DATED:   Honolulu, Hawaiʻi, May 29, 2014.

On the briefs:

George Ruisuki Fukumitsu,
Pro Se Defendant-Appellant.

Yuriko J. Sugimura and
Jennifer Love Stringfellow
(Bendet Fidell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

_____

arguments are waived.

4